UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-cr-15-APM |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| **KELLY MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **JESSICA WATKINS,** | : | |
| **ROBERTO MINUTA,** | : | |
| **JOSEPH HACKETT,** | : | |
| **DAVID MOERSCHEL,** | : | |
| **THOMAS CALDWELL, and** | : | |
| **EDWARD VALLEJO,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN UNTIMELY AND IRRELEVANT TESTIMONY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court preclude the following evidence during trial: (1) the actions or inaction of law enforcement officers at the Capitol on January 6, 2021; (2) the actions of rioters at other, unrelated events, and the status, disposition, and pendency of cases or charges involving those other rioters; and (3) purported diminished mental or physical capacity of any defendants. As set forth below, the above-referenced categories of evidence would confuse the issues, mislead the jury, cause undue delay, or waste time and therefore should be precluded pursuant to Federal Rule of Evidence 403.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S.

Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

The Indictment alleges that the defendants joined and took acts in furtherance of a plot to oppose by force the authority of the Government of the United States and the execution of specific laws and provisions of the Constitution of the United States governing the transfer of presidential power following the 2020 election, including the January 6 attack on the Capitol. ECF No. 167. Based on this conduct, the defendants have been charged with seditious conspiracy, in violation of 18 U.S.C. § 2384; conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372. *Id.* Several defendants are additionally charged with destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2; civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2; and tampering with documents or proceedings and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(1), 2. *Id.*

## ARGUMENT

**Motion *in Limine* No. 1:**   **The Court Should Preclude Improper Defense Arguments and Evidence Pertaining to Law Enforcement Conduct on January 6, 2021.**

The defendants should be precluded from introducing any evidence or arguing, either directly or indirectly, that law enforcement action or inaction rendered the defendants' actions in

the United States Capitol building or grounds lawful, unless the defendants observed or were otherwise aware of such conduct.

### A. This Court should preclude the defendants from arguing that alleged inaction by law enforcement officers made their conduct on January 6, 2021 legal.

The government respectfully requests that the Court bar the defendants from arguing that any failure to act by law enforcement rendered their conduct legal. As an initial matter, officer inaction may not form the basis for an entrapment-by-estoppel claim. To establish an entrapment-by-estoppel claim, a defendant must prove:

> that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)). Any inaction on behalf of law enforcement cannot constitute a misrepresentation for purposes of an entrapment-by-estoppel defense. Under such a reading, a defendant could interpret law enforcement inaction as approval. This would lead to inconceivable results.

Recently, in another January 6 prosecution, Chief Judge Howell granted the government's request to preclude arguments or testimony suggesting that alleged inaction by law enforcement rendered a defendant's conduct lawful. *See United States v. Williams*, 1:21-cr-377 (BAH), ECF No. 87 at p.3. In granting the government's request, Judge Howell noted that, "Settled caselaw makes clear that officer inaction—whatever the reason for inaction—cannot sanction unlawful conduct." *Id.* (citing *Cox*, 379 U.S. at 569–70; *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, at 1168–69 (10th Cir. 1999); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc)). The court

3

therefore ordered that the defendant "is precluded from arguing that law enforcement, by failing to act or censure his conduct, somehow made any of his otherwise allegedly unlawful conduct lawful." *Id.* Defendants should be precluded from advancing similar arguments in the instant matter as well.

### B. This Court should preclude the defendants from arguing or presenting evidence of alleged inaction by law enforcement officers unless the defendants specifically observed or were otherwise aware of such conduct.

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' state of mind on January 6, 2021. However, unless defendants were aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building (or at the time they committed the other offenses charged in the indictment), any alleged inaction would have no bearing on the defendants' state of mind and therefore would not meet the threshold for relevance. Fed. R. Evid. 401 (Evidence is relevant if it "has any tendency to make a fact more or less probable").

The court granted a similar request from the government to preclude such evidence in *United States v. Williams*, No. 21-cr-377-BAH, ECF No. 87 3-4. There, Chief Judge Howell acknowledged that, "As a logical matter, however, any action or inaction of which defendant was not aware cannot possibly have had any effect on his state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401." *Id.* at p.3. The government respectfully requests the Court reach the same conclusion in this case and exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendants observed or were aware of the alleged inaction by the police when they committed the charged offenses.

**Motion *in Limine* No. 2:**    **The Court Should Preclude Improper Defense Arguments and Evidence Pertaining to the Actions of Other Rioters or their Charges and Case Dispositions.**

The government requests that the Court exclude any evidence or argument pertaining to charges or dispositions in other January 6 cases. Such evidence or argument, which would implicate procedural events occurring after January 6, has no bearing on the proof of the defendants' alleged criminal conduct that day. In addition, any such evidence or argument would divert the jury's attention to other defendants and criminal allegations rather than the conduct of these defendants. Because this would confuse the issues, mislead the jury, cause undue delay, and waste time, Rule 403 independently supports exclusion.

The defendants have filed motions to dismiss based on selective prosecution by the Department of Justice. *See* ECF 188 (Comparing prosecution of defendants to prosecutions of rioters in Portland, Oregon, and claiming Defendant Kelly Meggs is being prosecuted based on his perceived conservative political beliefs). Further arguments on these topics have no place before a jury. The D.C. Circuit has recognized that a selective-prosecution claim implicates "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged." *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983). Consequently, "the issue of selective prosecution is one to be determined by the court." *Id*. Any evidence or argument pertaining to selective prosecution accordingly has no place at defendants' trial and therefore should be excluded. *See United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2006) (affirming district court's exclusion of selective-prosecution evidence at trial); *United States v. Clay*, 618 F.3d 946, 955-56 (8th Cir. 2010) (same). *United States v. Berrigan*, 482 F.2d 171, 174-75 (3d Cir.1973) (same). At most, "disparate charging decisions in similar circumstances may be relevant at sentencing." *See United States v. Griffin*, 549 F. Supp.

3d 49, 59 (D.D.C. 2021). But, as the D.C. Circuit recognized in *Washington*, it has no bearing on the jury's determination of defendants' guilt or innocence on the underlying charges.

**Motion *in Limine* No. 3:**    **The Court Should Preclude Improper Defense Argument and Evidence Pertaining to Defendants' Diminished Mental or Physical Capacity**

No defendant has provided notice, timely[1] or otherwise, that they seek to present evidence of physical or mental incapacitation as a defense. As such, all evidence should be precluded. Further, all mental health or physical health evidence should be precluded as irrelevant.

**A. The Court should exclude evidence pertaining to defendants' diminished mental capacity.**

The Insanity Defense Reform Act of 1984 established that "mental disease or defect does not otherwise constitute a defense." 18 U.S.C. § 17(a) (1988). Additionally, under the Federal Rules of Evidence,

> no expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone. Federal Rule of Evidence 639

In the D.C. Circuit Court of Appeals, mental health evidence has been allowed, "where… the evidence is admitted not as an affirmative defense to excuse the defendant from responsibility for his acts, but to negate specific intent when that is an element of the charged act itself." *United States v. Childress*, 58 F.3d 693, 728 (D.C. Cir. 1995). Other judges in the D.C. District Court

---

[1] See Exhibit A (April 25, 2022 Government Letter to Defendants) ("Federal Rule of Criminal Procedure 12.2(b) requires you to provide written notice if you 'intend[] to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt.'… Because we did not receive any written notice under Rule 12.2(b), we intend to object to the introduction of any evidence, including testimony from your clients or others, regarding your clients' alleged mental disease or defect, including but not limited to autism, PTSD, and/or depression.").

have held that when an expert testifies on this topic, they must limit their testimony to "their diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defect the experts believe the defendant possessed during the relevant time period." *United States v. Gold*, 661 F. Supp. 1127, 1131 (D.D.C. 1987) (quoting *United States v. Frisbee*, 623 F. Supp. 1217, 1223 (N.D. Cal. 1985)). The district court went on to forbid expert testimony, "directly or indirectly opining on the issue of specific intent." *Id*.

Seditious Conspiracy under 18 § U.S.C. 2384 is a specific intent crime, as is obstruction under 18 § U.S.C. 1512(c). *United States v. Rahman,* 189 F.3d 88, 130 (2nd Cir. 1999); *United States v. North*, 910 F.2d 843 (D.C. Cir. 1990). Nevertheless, it is proper to exclude proposed psychiatric evidence when a defendant is unable to establish a link or relationship between the evidence and the mens rea at issue in the case. *See United States v. Davis*, 78 F. Supp. 3d 17, 20 (D.D.C. 2015), aff'd, 863 F.3d 894 (D.C. Cir. 2017). The D.C. Circuit Court has addressed this in *United States v. Rogers*, finding, "Courts may exclude relevant psychiatric evidence under Rule 403 [b]ecause psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury's from focusing on the actual presence or absence of mens rea, and (3) may easily slide into wider usage that opens up the jury to theories of defense more akin to justification." 2006 WL 5249745 (internal quotation marks and citation omitted).

No defendant has provided notice, timely or otherwise, to the government regarding presenting medical evidence regarding any psychiatric condition. However, in various previous filings and public reporting, defendants have indicated that they may put forth evidence regarding Post Traumatic Stress Disorder (PTSD) or other diminished capacity. *See United States v. Harrelson*, 1:21-cr-00028 (APM), ECF No. 483 (blaming lack of medication, untreated high blood pressure, and untreated PTSD for inconsistencies in testimony); *see also* Guns, Bad Attitudes, &

Cheap Whiskey: Inside the Oath Keepers Armed 'Quick Reaction Force' on January 6, Nate Thayer https://natethayer.substack.com/p/guns-bad-attitudes-and-cheap-whiskey?s=w ("Sources close to Caldwell say he had been heavily medicated 'on prescription opiates' in the weeks prior to and on January 6, as a result of several spinal surgeries, which affected his state of mind."). Given the lack of notice or any proffer tying mental health issues to the offenses at hand, all testimony regarding mental health or medications should be precluded.

    **B. The Court should preclude evidence pertaining to defendants' diminished physical capacity.**

Expert testimony regarding the physical capacity of the defendants or their veteran disability status is not relevant and should also be precluded. (Evidence is relevant only if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401.

No defendant has provided notice, timely or otherwise, to the government that they intend to proffer evidence relating to physical ailments. However, in various previous filings, some defendants have indicated that they may put forth evidence regarding physical limitations. *See United States v. Caldwell*, 1:21-cr-00028 (APM), Transcript of Initial Appearance Feb 12, 2021 at p. 23 ("He is just is a very unusual person who has significant injuries and is 100 percent disabled."); ECF 102 at 1 (Vallejo is a "partially disabled veteran…He has suffered since childhood from asthma—a condition that becomes unbearable outside of the dry Arizona air…").

None of the offenses alleged in the indictment require physical acts to complete. One can agree to and take acts in furtherance of an unlawful conspiracy without needing to take any physical actions, and there was no particular physical fitness necessary to aid and abet the other crimes charged in the indictment. Accordingly, evidence of and argument about physical

impairments would only serve to confuse the jury and delay the proceedings, and for that reason, the Court should preclude any such testimony under Federal Rule of Evidence 401.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence concerning: (1) any defense based on the actions or inaction of law enforcement; (2) any defense based on the actions of other rioters or the status, disposition, and pendency of their cases or charges; (3) and any defense based on diminished mental or physical capacity.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/_____
Louis Manzo
Special Assistant United States Attorney
Mass Bar 688337
601 D Street NW
Washington, DC 20530
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn L. Rakoczy
Assistant United States Attorneys

_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004