UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-15-APM |
| | : | |
| ELMER STEWART RHODES III, | : | |
| KELLY MEGGS, | : | |
| KENNETH HARRELSON, | : | |
| JESSICA WATKINS, | : | |
| ROBERTO MINUTA, | : | |
| JOSEPH HACKETT, | : | |
| DAVID MOERSCHEL, | : | |
| THOMAS CALDWELL, and | : | |
| EDWARD VALLEJO, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PERTAINING TO THE TRIAL TESTIMONY OF CONFIDENTIAL HUMAN SOURCES

The United States respectfully submits this motion for a protective order to protect from disclosure information regarding ongoing investigations related to certain Federal Bureau of Investigations ("FBI") Confidential Human Sources ("CHSes") who are expected to testify at trial and personal identifying information related to those CHSes.

### Protective Measures Sought

At trial, the government or defense may call to testify certain CHSes who were either involved in the investigation that led to prosecution of the defendants, or who became CHSes subsequent to the initiation of the instant investigation. By this motion, the government seeks to preclude defendants from eliciting, either on cross-examination or on direct, information regarding any other investigations the CHSes may be involved in. Details regarding other investigations are not relevant and could undermine the operational integrity of those investigations. Additionally,

the government seeks to preclude questions that may illicit information that would allow for CHSes to be easily located by the general-public. The provisions requested are narrowly tailored and would not impede defendants' ability to meaningfully elicit testimony at trial. Specifically, the government seeks the following measures:

1. The defense shall be prohibited from asking any questions seeking personal identifying information from the witnesses, specifically, their address or date of birth;

2. Apart from the instant investigation, the defense shall be prohibited from asking any questions about the witnesses' participation in past or pending investigations or undercover operations; and

3. The defense shall be precluded from eliciting testimony, either on cross-examination or on direct, that would detail the FBI's CHS program and the training and methods used by the FBI as part of their undercover operations.

## Argument

Protecting witnesses' safety and the integrity of ongoing investigations are compelling interests that courts have long recognized. That precedent readily justifies the reasonable security measures proposed here. The Confrontation Clause of the Sixth Amendment gives a defendant the right to confront and cross-examine the government's witnesses who testify against the defendant. *See Maryland v. Craig*, 497 U.S. 836, 846 (1990); *Smith v. Illinois*, 390 U.S. 129 (1968). The "elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier or fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to rigorous adversarial testing that is the norm of Anglo-American criminal proceedings." *Craig*, 497 U.S. at 846. "The rule is that once cross-examination reveals sufficient information to appraise the witnesses' veracity, confrontation demands are satisfied." *United States v. Falsia*, 724 F.2d 1339, 1343 (9th Cir. 1983).

As the Supreme Court recognized in *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986), "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *See also United States v. Palermo*, 410 F.2d 468, 472 (7th Cir. 1969) (citing *United States v. Varelli*, 407 F.2d 735 (7th Cir. 1969)); *see also Siegfriedt v. Fair*, 982 F.2d 14, 18 (1st Cir. 1992); *United States v. Contreras*, 602 F.2d 1237, 1239-40 (5th Cir. 1979) (where there was reasonable fear the disclosure of DEA agent's home address and frequented locations would endanger him and his family, no error in precluding cross-examination as to home address and other background information even though agent was "instrumental in defendant's arrest"); *United States v. Maso*, 2007 WL 3121986, *4 (11th Cir. Oct. 26, 2007) (*per curiam*) (unpublished) ("The district court did not violate [the defendant's] right to confront witnesses by allowing the [cooperating witness] to testify using a pseudonym."); *Brown v. Kuhlman*, 142 F.3d 529, 532 n.3 (2d Cir. 1998) (undercover detective who testified in closed courtroom due to safety concerns was permitted to testify using his badge number instead of his true name). The protections requested herein, while minimally restrictive, would ensure the integrity of any ongoing investigations and would reduce the security threat posed to any testifying CHSes.

## Conclusion

The government requests that the Court grant the government's motion for a protective order and adopt the government's proposed protective measures to assure the integrity of other undercover investigations and the safety of the witnesses at trial.

3

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

   /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Assistant United States Attorneys
Louis Manzo
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

   /s/
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004