IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ELMER STEWART RHODES III, ET AL., )<br>)<br>Defendants. ) | CR No. 22-15 |

<u>DEFENDANT'S MOTION FOR RETURN OF PERSONAL PROPERTY UNDER RULE 41(g)</u>

BACKGROUND

David Moerschel was a minor figure on January 6, 2021. He participated in the Oath Keeper Florida group texts for only 18 days prior to January 6, and he left the group permanently on January 7, 2021. He committed no violent acts, encouraged no violent acts, did not celebrate being in the Capitol, and was one of the first people in the group to exit the Capitol after only 11 minutes.

Through the undersigned counsel, Moerschel cooperated from the beginning of the investigation. Moerschel agreed to be interviewed by the FBI in May 2021. On June 10, 2021, AUSA J. Nestler emailed the undersigned counsel requesting Moerschel provide certain items of personal property voluntarily, i.e., without a subpoena. Moerschel agreed and the requested items were turned over the Ft. Myers, Florida FBI field office.

The trial and sentencing concluded; Moerschel is still serving his sentence.

Several attempts have been made by counsel to obtain Moerschel's property back, but these attempts have been futile.

COMES NOW the Defendant, David Moerschel, through his counsel, moves this Honorable Court to issue an order directing the United States Government to return the same property, which was voluntarily turned over to the Fort Myers, Florida FBI field office. Specifically, Mr. Moerschel would request the return of his black in color tactical duffel bag and black in color cellular phone.

There may be certain items Mr. Moerschel may not legally take possession of, thus he would request that all the items to be transferred to his parents' residence, which is several hundred miles from his own.

## ARGUMENT

**Photographs and Video Are Legitimate Substitutes:** The Honorable Judge Lamberth granted Jacob Chansley's recent motion for return of property (USA v. J. Chamsley, 21-cr-0003, ECF 142). In his order, he observes, "Rule 41(g) provided that 'a person aggrieved...by the deprivation of property may move for the property's return.'" Judge Lamberth further cites 1989 Advisory Committee Notes, "If the United States 'legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.'"

The possession of video and photographic evidence of Chansley's conduct and property satisfied any "legitimate interests" the government may have in his case, according to Judge Lamberth (See, page 5). Thus, the actual physical property was unnecessary, retention of his property was unreasonable and it was ordered returned.

Moerschel cooperated and voluntarily turned over his property. Through counsel, he stipulated to certain items and facts. There are videos and pictures in extent of Moerschel wearing some of the clothing items on January 6. As a part of evidence intake, the government has taken pictures of the items. The same conditions Judge Lamberth set in the Chansley case are also met in the present case, i.e., existence of videos and photographs of the property. In the present case, there is the added evidence of Moerschel's stipulations regarding some of the items in evidence.

**A Pending or Intent to Appeal Is Not a Reason to Withhold Property:** Also, in the Chansley case, Judge Lamberth acknowledged that though Chansley pled guilty to a crime, "he may contest [it] given the decision in *Fisher*." (A reference to the recent SCOTUS decision regarding the §1512 charge.) Thus, Judge Lamberth is arguing that the presence of an appeal - or even the potential of an appeal - is no reason to retain property. In fact, he writes, "but even if the

government may need to reprove Mr. Chansley's guilt, it still has not explained why it would need his property given the video and photographic evidence."

Moerschel has a direct appeal pending, and even in the unlikely event that the government had to re-prove Moerschel's guilt, Judge Lamberth argues that the video and photographic evidence is sufficient to satisfy the legitimate interests of the government. Thus there is no legitimate need to brandish Moerschel's physical property in court when there are videos and photographs. Therefore, retaining Moerschel's property is unnecessary and unreasonable, and it should be returned.

**Judge Lamberth Ordered Return of Chansley's "Serious Weapon":** Jacob Chansley was a prominent figure on January 6. Not only was his dress imposing, but many photographs show him with a spear in his hand in the Senate Chamber. Judge Lamberth wrote in his order "[H]e had armed himself with a serious weapon: 'a six-foot pole with an American flag zip-tied to the shaft and a metal spearhead fixed to the top.'" In spite of this acknowledgment, he orders "the government shall return to Mr. Chansley *all* property belonging to him" (***Emphasis Added***, page 6).

In Judge Lamberth's Legal Standard, he quotes the general rule that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated". He also quotes that "it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightfully owner."

## CONCLUSION

The Government has so far ignored this counsel's attempts to recover Moerschel's property, and requires the intervention of this Honorable Court. As ordered in Chansley's case, (1) video and photographic evidence are legitimate substitutes for the physical evidence, (2) the presence of an Appeal is no excuse not to return physical evidence, and (3) the Honorable Lamberth ordered all Chansley's property returned - even what he considered "a serious weapon."

**WHEREFORE**, Defendant Moerschel asks this Honorable Court to order the Department of Justice and the Federal Bureau of Investigation to return forthwith all property, which he voluntarily turned over at the request of the Department of Justice in June of 2021.

Respectfully submitted,

By Counsel for Defendant Moerschel,

_____
Connor R. Martin, Esq.
SUAREZ, RIOS & WEINBERG
1532 Jackson Street
Fort Myers, FL 33901
(239) 337-9755
Connor@bsrlegal.com