IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-cr-15 (APM) |
| | : | |
| **DAVID MOERSCHEL,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR RETURN OF PERSONAL PROPERTY UNDER RULE 41(g)**

On September 19, 2024, Defendant David Moerschel moved this Court to order the government to return the property that the defendant provided to the government through counsel during the course of this investigation, namely:

1B8    (U) Item # 8: Motorola cell phone, Model: XT1952-4, Type: M3C98

1B7    (U) Item # 7: Black in color tactical vest/Blue Force Gear

1B6    (U) Item # 6: Black in color cold weather jacket, Size Large

1B5    (U) Item # 5: Black in color bag

1B4    (U) Item # 4: Daniel Defense Rifle case , Black in color

1B3    (U) Item # 3: Glock Handgun case, Black in Color

1B2    (U) Item # 2: Glock Handgun, Model: 21, Caliber: .45, S/N: UWS232

1B1    (U) Item # 1: Daniel Defense MK18 AR15, Caliber: 5.56, S/N: 274269

At the outset, the government notes that, while defendant's motion suggests that "several attempts have been made by counsel to obtain Moerschel's property back, but these attempts have been futile," undersigned counsel have not been contacted. It is possible that defense counsel directed their requests at prior government counsel who have since left the office or gone on detail to other offices.

The government objects to the release of Items 1B1 through 1B5. These were introduced into evidence during the government's case in chief as Government's Exhibits 122 through 126. While Rule 41(g) "allows the owner of property the government has seized in a search to seek its return," *In re Sealed Case*, 716 F.3d 603, 605 (D.C. Cir. 2013), the D.C. Circuit has held that lawfully seized property "may be retained pending exhaustion of its utility in criminal prosecutions," *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980). "[S]eized property, other than contraband, should be returned to its rightful owner *once the criminal proceedings have terminated.*" *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir.1979) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)) (emphasis added); *see also United States v. Wilson*, 540 F.2d 1100, 1103–04 (D.C. Cir. 1976) (emphasis added) ("[O]nce an item of property *is no longer pertinent to a criminal prosecution*, the item may be returned on application to the same criminal court."). Here, the criminal proceedings have not terminated. Defendant Moerschel has noticed his appeal, ECF No. 630, as have the three co-defendants with whom he was tried, and four of the five additional co-defendants tried at an earlier trial (the fifth has yet to be sentenced). Government's Exhibits 122 through 126 maintain evidentiary value, and the government would likely seek their introduction again at any retrial.

Additionally, items 1B1 through 1B4 constitute contraband: weapons and the cases for those weapons used in furtherance of the seditious conspiracy and other offenses of which Defendant Moerschel was convicted. Seized property that is "contraband or statutorily forfeit . . . need not be returned at all." *Hubbard*, 650 F.2d at 303 n. 26; *see also Farrell*, 606 F.2d at 1347.

The government does not oppose the release of Items 1B6 through 1B8, although government counsel would seek to first have Defendant Moerschel, through counsel, sign a stipulation that he would not challenge the authenticity of photographs of the two clothing items

or of data extracted from the cellular telephone, as it has done prior to the return of other items of evidence to other defendants. Undersigned counsel have reached out to defense counsel to propose such an arrangement.

WHEREFORE, Defendant Moerschel's motion for return of property should be denied, partially as moot and partially as premature in light of the pending appeals of Defendant Moerschel and his co-defendants.

Respectfully submitted,

MATTHEW M. GRAVES  
United States Attorney  
DC Bar No. 481052

By:     /s/  
Kathryn L. Rakoczy  
D.C. Bar No. 994559  
Alexandra Hughes  
Assistant United States Attorneys  
U.S. Attorney's Office for the District of Columbia  
601 D Street NW  
Washington, D.C. 20530