## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal Case No.** |
| *Complainant,* | 1:22-cr-00015-APM |
| v. | |
| **ELMER STEWART RHODES, III, e*t al.*,** | |
| *Defendants.* | |

## MOTION AND MEMORANDUM IN SUPPORT OF USA MOTION TO DISMISS SUPERVISED RELEASE AND PROBATION PURSUANT TO EXECUTIVE ORDER

The undersigned Defendant, **Elmer Stewart Rhodes,III** by counsel, hereby files this Motion and Memorandum of Points and Authorities in support of the United States' Motion to Dismiss Term of Supervised Release and Probation Pursuant to Executive Order, filed on January 24, 2025, at ECF Dkt. # 941.

Does a commutation, particularly one that ends incarceration to "time served," and/or a presidential pardon also terminate other aspects of sentencing such as post-incarceration supervised release? Is supervised release an integral part of sentencing or a separate matter? Does supervised release continue after commutation of a sentence or a pardon? Does supervised release have an independent existence under the 1984 Sentencing Reform Act or is it an integral part of the sentence that a pardon or commutation may be addressing?

In said Motion, the U.S. Attorney argued that (a) the President in issuing the commutations intended to reduce any and all aspects of punishment or sentencing to only "time [already] served",

and (b) the Defendants no longer face any sentencing requirements or burdens and "supervised release" is at an end, and (c) implicitly that "supervised release" after serving time in prison is a component of a sentence imposed upon conviction and therefore a commutation of sentence necessarily affects supervised release.

## I.    CURRENT STATUS OF "SUPERVISED RELEASE" REQUIREMENTS

As cited below, both President Barack Obama and President Donald Trump (in his first term) issued pardons and commutations that explicitly reserved and preserved the terms of supervised release.  It seems hard to believe that these Presidents would have taken the trouble to order again and again in individual cases that the pardon or commutation in those cases would not change supervised release unless supervised release would otherwise have been terminated if that were not specified.

Now, probation officers are treating President Trump's commutations as if they were the equivalent of the end of the serving of a prison term, thus triggering the start of probation.  While the terms of  President Trump's Proclamation emphasized immediate release, instead probation officers are imposing a sudden and extensive burden of intake into supervised release, reporting for interviews, providing extensive information and imposing conditions mandated by the Court.

## II.   TRUMP'S AND OBAMA'S COMMUTATION EXPERIENCES

In Donald Trump's first Presidential term, he issued a number of pardons and commutations. Those that resulted in judicial review by courts dealt with commutations where the President explicitly maintained the court-ordered supervised release.  These were all apparently the identical language.  A number of commutations with the same wording were also issued by President Barack Obama.  For example, President Trump's commutation of Michael Pelletier reads:

> **I HEREBY COMMUTE** the total sentence of imprisonment each of the following named persons is now serving to time served, ***leaving intact and in effect for each named person the term of supervised release imposed by the court with all its conditions and all other components of each respective sentence:***
>
> *Id.* President Trump's commutation released Mr. Pelletier from his incarcerative sentence but retained his term of supervised release and the other components of his sentence. *Id.*

*United States v. Pelletier*, 06-cr-00058-JAW (D. Me. Aug 25, 2022) *(emphases added). See, also, United States v. Harder*, 552 F.Supp.3d 1144 (D. Or. 2021); *United States v. Weiss*, 21-CR-00457 (S.D. N.Y. Aug 09, 2022).

The Court determined that because President Trump explicitly left supervised release in place, although President Trump commuted the prison sentence of incarceration, the Court held that the supervised release remained in force.  But that was because the President's commutation explicitly ordered it so.

Similarly, the identical language was used by prior President Obama, with the identical effect.

> "In October 2016, President Barack Obama commuted the Defendant's sentence to 235 months' imprisonment, leaving intact and in effect the ten-year term of supervised release.1 [Doc. 584]."

*United States v. Patton,* Case No. 1:07-cr-00033-MR-WCM-9 (W.D. N.C. Sep 01, 2020); *See, also, Gibson v. United States*, Civil Action No. PJM-20-2997 (D. Md. Mar 18, 2021); *United States v. Vasquez*, Case No.: 8:01-cr-150-T-24MAP (M.D. Fla. Jul 10, 2017); *United States v. Buckery*, Case No. 1:08-CR-00032 (W.D. Va. Jul 01, 2019); *United States v. Roberts*, Case No. 1:06 CR 416 (N.D. Ohio Mar 22, 2019); *United States v. Stallworth*, Case No. 1:08-CR-00024-036 (W.D. Va. Jul 08, 2019); *United States v. Brandon*, Case No. 07-cr-20551 (E.D. Mich. Aug 30, 2019).

So, the courts have held that (a) supervised release is a component of the sentence on

conviction, and (b) whether the President's commutation of the sentence preserves the supervised release part of the sentence determines whether or not the supervised release remains in force.

If commutation did not normally cancel supervised release there would be no need for President Obama and President Trump to use the exact same language over and over in case after case.  Why did the Presidents issue the same identical boiler plate language again and again to maintain supervised release if a commutation of the sentence automatically and always excludes supervised release as unaffected?  Why the meticulous inclusion of language keeping supervised release in place if that wording is unnecessary?

## III.    SUPERVISED RELEASE IS A COMPONENT OF A SENTENCE

Congress passed the 1984 Sentencing Reform Act to try to make criminal sentencing more standardized and more uniform.

When a person is sentenced in the Federal courts after conviction, a Federal judge can choose from a menu of possibilities as part of the overall sentence.  A person can be sentenced to a term of days in jail, a fine / restitution, community service, time in a half-way house aimed at preparing to re-enter society as a productive member of the community, and a period of "supervised release" – probation – after the end of any prison time.  The judge can combine any mixture or combination of these choices.

These generally act like a sliding scale, or at least they supply the tools for a judge to choose to adjust different components into a completed whole as a sentence.  If a judge imposes a smaller fine he or she might impose more days in jail to compensate.  Or vice versa.  More community service will typically reduce the days in jail and vice versa.  A longer time of supervision on probation after release from jail substitutes for prison time.

4

Therefore, the supervision after relief is clearly part of the sentence. When President Trump commuted the sentences of 14 January 6 defendants and pardoned all the rest, this terminates any and all aspects of the sentence. The legal system's attempt to impose probation requirements and conditions are in error. Ending the sentence includes ending supervised release for the sentence.

> Today, we merely acknowledge that an accused's final sentence includes any supervised release sentence he may receive. Nor in saying that do we say anything new: This Court has already recognized that supervised release punishments arise from and are "treat[ed] . . . as part of the penalty for the initial offense." *Johnson* v. *United States*, 529 U.S. 694, 700 (2000). The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime.

*United States v. Haymond*, 588 U.S. ____, 634, 648 (2019)

> The Sentencing Reform Act of 1984 authorizes a sentencing court to impose as "a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). During supervised release, the offender is required to abide by certain conditions, including that he not commit another federal, state, or local crime. *Id.* § 3583(d). If the court finds that an offender has violated a condition of his supervised release, the court may "revoke" the term of supervised release and require the offender to serve all or part of that term in prison. *Id.* § 3583(e)(3). A sentence imposed upon revocation of supervised release is not punishment for the violation of the supervised-release condition, but "part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

*United States v. Head,* 817 F.3d 354 (D.C. Cir. 2016)

> "The District Court clearly believed that community service was important at sentencing, but the record does not explain why the District Court would have wanted supervised release to continue once the community service obligation was completed."

*United States v. Mathis-Gardner*, 783 F.3d 1286 (D.C. Cir. 2015)

> "Whatever the merits of the view that a court may trade off the duration of prison and supervised release, see *United States v. Albertson*, 645 F.3d 191,

198 (3d Cir.2011), trading off duration of sentence for stringency of conditions may prove to be a difficult practical exercise..."

*United States v. Malenya,* 736 F.3d 554 (D.C. Cir. 2013)

Congress, however, in 18 U.S.C. Sec. 3583(a) authorized a period of supervised release to be imposed in addition to a maximum term of imprisonment. Section 3583(a) specifically provides that a "court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."...

*U.S. v. Jamison*, 934 F.2d 371 (D.C. Cir. 1991)

In Epps, however, we pointed out that "because of the relationship between a prison sentence and supervised release ... there seems to be a very substantial likelihood that a ruling that Epps' incarceration should have been shorter would influence the district court's readiness to reduce his term of supervised release." Id. at 345. The relationship between a prison sentence and supervised release is not exactly the same here because appellant challenges a sentence imposed upon revocation of supervised release rather than his original sentence imposed for the underlying crime. We nonetheless find that the possibility of a reduction of supervised release is not unduly speculative in these circumstances so as to render the case moot.

*In re Sealed Case,* 809 F.3d 672, 675 (D.C. Cir. 2016)

Notwithstanding the additional hardship imposed by a longer time in prison, the district court's simultaneous reduction in appellant's term of supervised release indicates the court was indeed seeking to balance the sentencing factors outlined in 18 U.S.C. § 3553(a), particularly as regards "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed ... to protect the public from further crimes of the defendant[ ] and ... to provide the defendant with ... other correctional treatment" in the form of anger-management counseling.

*In re Sealed Case*, 809 F.3d 672 (D.C. Cir. 2016)

## IV.   CONCLUSION

It is reasonably clear that all aspects of a sentence upon conviction, including supervised

release, form together the overall sentence.  Supervised release is not a separate topic but a constituent part of the sentence.

Where the President pardons or commutes the sentence of a convicted person, it is also reasonably clear that those actions affect the entire sentence, except to the extent that the President explicitly states and identifies what part of the sentence he or she is modifying and what is being left unchanged.  Where the President sets a new, different sentence by commutation, this must be understood to comprise the totality and entirety of the new sentence as commuted.

WHEREFORE, the Movant requests that the Motion of the Government to Dismiss Supervised Release Pursuant to Executive Order be granted and that the term of supervised release for Elmer Stewart Rhodes, III be vacated and dismissed.

**<u>CONSULTATION</u>**

Defendant, by counsel, certifies this request agrees with the motion of the U.S. Attorney for the District of Columbia filed January 24, 2025 at ECF No. 941 and deems consultation completed.

Respectfully submitted, *BY COUNSEL*
/s/ Edward Lacy Tarpley, Jr..
Edward Lacy Tarpley, Jr. Esq.
Edward L. Tarpley, Jr. APLC
819 Johnston Street
Alexandria, LA 71301
Telephone: (318) 487-1460
Email:  **Ed@EdTarpley.com**

/s/ Elizabeth A. Franklin-Best
Elizabeth A. Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204
Telephone (803) 445-1333
Email: **elizabeth@franklinbestlaw.com**